UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL JURY,<br><br>     Plaintiff,<br><br> v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>     Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

**NOTICE OF REMOVAL**

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that, pursuant to 28 USC § 1441(b), defendant Hewlett-Packard Company ("HP") hereby removes to this Court the state court action described below based on diversity jurisdiction conferred under 28 USC § 1332(a).  This Notice of Removal is supported by the Declaration of Suzy Arnold ("Arnold Decl."), filed herewith.

/ /

/ /

DEFENDANT'S NOTICE OF REMOVAL
PAGE 1
1311405/1/JMB/102564-0010

ATER WYNNE LLP
TWO UNION SQUARE
601 UNION STREET, STE. 1501
SEATTLE, WA 98101-2341
(206) 623-4711

## BACKGROUND

1. On September 23, 2011, an action was commenced in the Superior Court of the State of Washington for King County entitled *Paul Jury v. Hewlett-Packard Company*, Case No. 11-2-32416-8 (the "Action"). Pursuant to Civil Rule 101(b), true and correct copies of all pleadings, process, and orders served or filed in the Action are attached to this Notice as Exhibit A.

2. On September 26, 2011, HP was served with the summons and complaint in the Action. (*See* Ex. A.)

3. The Action asserts claims on behalf of Paul Jury ("Jury"), who was formerly employed by HP as an engineer in King County, Washington. Jury asserts four causes of action, two arising under Washington's Law Against Discrimination, Chapter 49.60 RCW, and two arising under Washington common law.

## THE COURT HAS DIVERSITY JURISDICTION

4. The Court has diversity jurisdiction over the Action under 28 USC § 1332(a), because, as explained below, Jury is a citizen of a different state than HP, and he is seeking in excess of $75,000 in damages. *See generally Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 936 (9th Cir. 2006) (discussing diversity jurisdiction criteria).

### Diversity of Citizenship

5. Plaintiff Jury is a resident and citizen of the state of Washington. (*See* Compl. ¶ 1.1.)

6. Defendant HP is incorporated under the laws of Delaware, and its high-level officers direct, control, and coordinate its activities from its corporate headquarters in Palo Alto,

DEFENDANT'S NOTICE OF REMOVAL
PAGE 2
1311405/1/JMB/102564-0010

ATER WYNNE LLP
TWO UNION SQUARE
601 UNION STREET, STE. 1501
SEATTLE, WA 98101-2341
(206) 623-4711

California.  (*See* Compl. ¶ 1.2; Arnold Decl. ¶ 2.)   HP is therefore a citizen of the States of Delaware and California.  *See* 28 U.S.C § 1332(c)(1) ("A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *Hertz v. Friend*, 559 U.S. __, 130 S.Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."). Accordingly, the parties to this lawsuit have complete diversity of citizenship.

<u>Amount in Controversy</u>

7.	Jury fails to specify a damages amount in his complaint; rather, he requests damages "in an amount to be proven at trial."  (*See* Compl. ¶¶ 4.3, 5.3, 6.3, and 7.3).  In those circumstances, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy requirement of $75,000 has been met."  *Colvin v. Conagra Foods, Inc.*, 2007 WL 3306746, * 2 (W.D. Wash. Nov. 5, 2007) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)).  This burden is not "daunting" as courts recognize that, under this standard, a removing defendant is not obligated to "research, state and prove the plaintiff's claims for damages."  *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 159 (6th Cir. 1993).  *See also* CR 101(a) (petitioner for removal must have "good faith belief" that amount in controversy exceeds jurisdictional amount).

8.	Moreover, when the amount in controversy is not "facially apparent" from the complaint, "the court may consider facts in the removal petition, and [the] parties [may] submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  Accordingly, an

DEFENDANT'S NOTICE OF REMOVAL
PAGE 3
1311405/1/JMB/102564-0010

ATER WYNNE LLP
TWO UNION SQUARE
601 UNION STREET, STE. 1501
SEATTLE, WA 98101-2341
(206) 623-4711

amount in controversy can be calculated "using a combination of [HP's] own numbers and [Jury's] allegations." *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

9. In measuring the amount in controversy, the removing defendant does not concede liability. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Id*. However, "a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

10. Jury's alleged damages easily exceed the $75,000 jurisdictional threshold. He seeks to recover "all his past and future compensatory" damages "proximately caused by the wrongful conduct of [HP]." (Compl., Prayer for Relief). In unlawful termination cases under Chapter 49.60 RCW, compensatory damages can include back pay and front pay. *See Martini v. Boeing Co.*, 137 Wn. 2d 357, 368 (1999) (holding that RCW 49.60.030(2) authorizes a remedy for "full compensatory damages, excluding only nominal, exemplary, or punitive damages"). At the time of his termination, Jury earned $8,895/month. (Arnold Decl., ¶ 3.) As a result, the amount that Jury's complaint has placed in controversy exceeds $<u>213,480</u>, which represents hypothetical back pay for 24 months following Jury's July 2009 termination from HP.

11. The $213,480 that Jury has placed in controversy with back pay damages is underinclusive, because that amount does not include other damages that he seeks that would be aggregated, such as emotional distress damages and attorneys fees. *See Bank of Calif. Nat'l*

DEFENDANT'S NOTICE OF REMOVAL
PAGE 4
1311405/1/JMB/102564-0010

ATER WYNNE LLP
TWO UNION SQUARE
601 UNION STREET, STE. 1501
SEATTLE, WA 98101-2341
(206) 623-4711

*Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) (multiple claims of single plaintiff are aggregated to determine amount in controversy); *Kroske v. U.S. Bancorp.*, 432 F.3d 976, 980 (9th Cir. 2005) (when determining an amount in controversy court may consider attorneys fees and emotional distress damage awards in similar cases in Washington).

<u>HP HAS COMPLIED WITH THE REQUIREMENTS FOR REMOVAL UNDER 28 USC § 1441(b)</u>

12. HP filed this Notice of Removal within 30 days of September 26, 2011, which was the effective date of service of the initial pleading in the Action. *See* 28 USC § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (30-day removal period runs from formal service of summons and complaint).

13. HP has given written notice of the filing of this Notice of Removal to Jury and has filed a copy of the Notice and supporting papers with the Clerk of the King County Superior Court, as required by 28 USC § 1446(d).

14. HP has properly removed the Action to this Court under 28 USC § 1441(b), because the U.S. District Court for the Western District of Washington at Seattle embraces the place where the Action was pending.

15. HP reserves, and does not waive, any objection it may have to service, jurisdiction, or venue, and any and all other defenses or objections to the Action.

/ /

/ /

DEFENDANT'S NOTICE OF REMOVAL
PAGE 5
1311405/1/JMB/102564-0010

ATER WYNNE LLP
TWO UNION SQUARE
601 UNION STREET, STE. 1501
SEATTLE, WA 98101-2341
(206) 623-4711

WHEREFORE, further proceedings in the Action should be discontinued, and the Action should be removed to the United States District Court for the Western District of Washington.

DATED this 25th day of October, 2011.

ATER WYNNE LLP

By: *s/ Kathryn L. Feldman*
Kathryn L. Feldman, WSBA No. 15273
Two Union Square
601 Union St., Ste. 1501
Seattle, WA  98101-2341
Tel:  (206) 623-4711
Fax:  (206) 467-8406
Email:  klf@aterwynne.com

James M. Barrett, WSBA No. 41137
1331 NW Lovejoy St., Ste. 900
Portland, OR 97209-2785
Tel:  (503) 226-1191
Fax:  (503) 226-0079
Email:  jmb@aterwynne.com

Attorneys for Defendant Hewlett-Packard Company

DEFENDANT'S NOTICE OF REMOVAL
PAGE 6
1311405/1/JMB/102564-0010

ATER WYNNE LLP
TWO UNION SQUARE
601 UNION STREET, STE. 1501
SEATTLE, WA 98101-2341
(206) 623-4711